UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., <br> SLING TV L.L.C., and <br> NAGRASTAR LLC, <br><br> Plaintiffs, <br><br> v. <br><br> JASON LABOSSIERE, <br> SEAN BEAMAN, <br> STEFAN GOLLNER, and <br> OSIVETTE BRITO, individually <br> And collectively d/b/a EXPEDITE TV, <br> MUNDO TV and MUST TV, <br><br> Defendants. | § § § § § § § § § § § § § § § | CASE NO. 8:22-cv-00603-KKM-SPF |

**DEFENDANT JASON LABOSSIERE'S
ANSWER TO PLAINTIFF'S COMPLAINT [DOC 1]**

Defendant, JASON LABOSSIERE ("*LaBossiere*"), by and through undersigned counsel answers Plaintiffs' Complaint as follows:

**Introduction:**

Pursuant to a six-week trial in 2016, Dish Network L.L.C. ("*Dish*") was fined $280,000,000, of which it agreed to pay **$210,000,000** in 2020 for **Dish's** *after Dish was found in violation of federal and state law*. Since 2017, Dish has been struggling to keep its stock price up from its 2015 and 2017 peaks. In order to find new profit centers, this $15.49 billion dollar company will stop at nothing to bully people into settlements to help its bottom line. LaBossiere did participate in rebroadcasting Dish's content in 2018 and did enter into a confidential settlement agreement, which included a hefty payment to Dish. LaBossiere attempted to turn his prior distribution channel into a legitimate business of lawful licensed content, and now Dish seeks to

1

punish LaBossiere. Dish gained the information in this case from subpoenas issued in a closed federal case issued with no notice to any party or court. The federal court enter an order exclaiming that it did not have jurisdiction. Clearly, Dish will do *anything* to add to its bottom line.

While LaBossiere was initially working with ExpediteTV and Beaman to create a new platform with licensed content through Omniverse One World Television, Inc ("**Omniverse**"), LaBossiere's limited involvement was to find a middleware company for the licensed content and reviewed and made recommendations for the initial marketing blast in 2018. Apparently, and according to the Plaintiff's Complaint [Doc. 1], others that may have been involved with ExpediteTV changed the course of ExpediteTV's business model from content licensed from Omniverse, likely as the result of Omniverse no longer offering its service.

**Specific Answers:**

1. Without knowledge of the number of people Dish and Sling TV L.L.C. deliver content to and to the extent NagraStar provides protection services. Denied that LaBossiere operated an illicit streaming service known as ExpediteTV, Mundo TV, and Must TV (collectively "Services") utilizing Dish and Sling's programming through a retransmission program without authorization to users ("Rebroadcasting"). Anything not specifically admitted is denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Without knowledge, therefore denied.

7. Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Denied.

10. Admitted that Plaintiff is making an assertion and the Court has jurisdiction, but otherwise denied.

11. Admitted that this Court has personal and subject matter jurisdiction over LaBossiere, otherwise denied.

12. Admitted for jurisdictional purposes, otherwise denied.

13. Without knowledge as to the number of subscribers, but otherwise admitted.

14. Admitted.

15. Admitted.

16. Admitted that SetTV was used to unlawfully retransmit Dish Programming, that the Court issued a temporary injunction and that a final money judgment was entered subject to the terms of a settlement agreement, otherwise denied.

17. The settlement agreement speaks for itself, otherwise denied.

18. The injunction speaks for itself, otherwise denied.

19. Admitted that ExpediteTV was advertised as a subscription based streaming services providing over 800+ channels but denied that LaBossiere participated in ExpediteTV with regards to Dish's content Rebroadcasting.

20. Denied. LaBossiere has had no involvement in Mundo TV or Must TV. LaBossiere only learned of Mundo TV and Must TV through this lawsuit.

21. Without knowledge, therefore denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied. LaBossiere did not participate in any rebroadcasting of Dish's content and has no knowledge of authorization or lack thereof.

24. Without knowledge, and therefore denied. LaBossiere was not involved with obtaining or rebroadcasting Dish or Sling Programming, nor did he have any involvement at any time with Mundo TV or Must TV.

25. Denied.

26. Denied. LaBossiere's involvement with ExpediteTV ended with Omniverse through licensed content.

27. Denied.

28. Without knowledge, therefore denied.

29. Admitted that LaBossiere did have a prior involvement with the Clemons brothers with relation to SetTV, but such involvement ended. LaBossiere was not involved with the Clemons brothers as it related to processing of payments for ExpediteTV's rebroadcast of Dish or Sling content. Otherwise, denied.

30. Admitted that codes were processed through ExpediteTV as it related to Omniverse's licensed content, otherwise without knowledge. Admitted that one or more people utilized a property address associated with LaBossiere to register companies through [www.sunbiz.org](www.sunbiz.org), as the documents speak for themselves. Denied that LaBossiere was involved or benefited from those entities as it related to rebroadcasting Dish or Sling's content. Denied that LaBossiere had any involvement with the processing of credit cards for Mundo TV or Must TV. Anything not specifically admitted is denied.

31. Denied that LaBossiere communicated with existing customers through Avochato to market ExpediteTV. Admitted that LaBossiere utilized Avochato. Admitted that ExpediteTV utilized Avochato. Admitted that Avochato was utilized to provide device codes to access ExpediteTV. Denied that LaBossiere had anything to do with ExpediteTV's rebroadcast of Dish

4

or Sling content, including during any period of time ExpediteTV was allegedly used to rebroadcast Dish or Sling's Programming. Anything not specifically admitted is denied.

32. Denied.

## COUNT I
### Violations of the FCA, 47 U.S.C. § 605(a), Asserted by DISH

33. LaBossiere realleges his answers in paragraphs 1 through 32 as if fully set forth herein.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT II
### Violations of the FCA, 47 U.S.C.(e)(4), Asserted by DISH and NagraStar

38. LaBossiere realleges his answers in paragraphs 1 through 32 as if fully set forth herein.

39. Denied.

40. Denied.

41. Denied.

## COUNT III
### Violations of the DMCA, 17 U.S.C. § 1201(a)(1)(A), Asserted by DISH and Sling

42. LaBossiere realleges his answers in paragraphs 1 through 32 as if fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

WHEREFORE, LaBossiere prays this Court will deny the relief requested by Plaintiffs, issue sanctions against Plaintiff for wrongfully issuing subpoenas in a closed case and for a wrongful purpose, and award attorney's fees and costs against Plaintiffs.

## VERIFICATION

I have reviewed the information set forth in this Answer and the information contained herein is true and correct to the best of my knowledge and belief

_____
JASON LABOSSIERE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal which will send a notice of electronic filing to the following:

| | |
|---|---|
| James A. Boatman, Jr., Esq.<br>The Boatman Law Firm, P.A.<br>3021 Airport-Pulling Road North, Suite 202,<br>Naples, FL 34105<br>courtfilings@boatman-law.com<br>Chad M. Hagan, Esq.<br>Hagan Noll & Boyle, LLC<br>Two Memorial City Plaza<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>Chad.hagan@hnbllc.com<br>Timothy M. Frank, Esq.<br>Hagan Noll & Boyle, LLC<br>Two Memorial City Plaza<br>820 Gessner, Suite 940<br>Houston, TX 77024<br>Timothy.frank@hnbllc.com<br>*Attorneys for Dish Network, L.L.C., Sling TV, L.L.C., and Nagrastar LLC* | Joel W. Walters, Esq.<br>Walters Levine, P.A.<br>1819 Main Street, Suite 1110<br>Sarasota, FL 34236<br>jwalters@walterslevine.com<br>*Attorney for Stefan Gollner* |

DATED this 20th day of April, 2022.

ENGLANDER FISCHER

ENGLANDER FISCHER

BY: */s/ David S. Delrahim*
David S. Delrahim, Esq.
Florida Bar No.: 0066368
Primary: ddelrahim@eflegal.com
Secondary: creeder@eflegal.com
JULIA KAPUSTA
Florida Bar No. 1002292
Primary: jkapusta@eflegal.com
Secondary: dturner@eflegal.com
**ENGLANDER AND FISCHER LLP**
721 First Avenue North
St. Petersburg, Florida 33701
Tel: (727) 898-7210/Fax: (727) 898-7218
*Attorneys for Defendant, Jason Labossiere*